IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| VINCENT FEELEY,<br><br>**Plaintiff,**<br><br>vs.<br><br>THE CITY OF BILLINGS, MONTANA,<br><br>**Defendant.** | Case No. CV-10-103-BLG-RFC<br><br>ORDER DISMISSING INDIVIDUAL DEFENDANTS AND DENYING THE CITY'S DEPOSITION-RELATED MOTIONS |

Plaintiff Vincent Feeley filed this action against the City of Billings and four of its police officers to recover damages for injuries sustained when he was shot by a Billings police officer in August of 2005. Pending before the Court are two motions filed by the City regarding depositions and the City's Motion to Dismiss Individual Defendants, which Plaintiff counters with his Motion to Issue Summons.

**I.  The City of Billings's Rule 4(m) Motion to Dismiss Individual Defendants and the Claims Against Them (doc. 38) and Plaintiff's Motion to Issue Summons (doc. 43)**

Rule 4(m) Fed.R.Civ.P. provides in relevant part:

1

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) Fed.R.Civ.P. requires this Court to grant Plaintiff an extension upon a showing of good cause for the failure to serve within 120 days and gives the Court broad discretion to extend the period for service where Plaintiff cannot show good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040-41 9th Cir. 2007). In exercising discretion under Rule 4(m), courts may consider factors such as the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Efaw,* 473 F.3d at 1041.

Plaintiff agrees to the dismissal of Officer Chapman and the two John Doe Defendants, but maintains he should be granted leave to serve Officer Minkoff more than five years after the case was filed and more than two years since the case was removed to this Court. Doc. 44, p. 2. In support, Plaintiff cites no case authority and merely argues that his former counsel did not serve Officer Minkoff because it was removed to this Court and he did not get a federal summons issued.

The procedural history of this case reveals no good cause for failure to serve Officer Minkoff and no reason to give Plaintiff more time. The acts giving rise to

2

this lawsuit occurred in August of 2005, but the case was not filed in state court until almost two years later. The City of Billings was not served until almost three years later, on August 10, 2010. Within 30 days of service, the City properly removed to this Court, specifically noting that the two individually named Defendants had not been served and that the City had no authority to accept service on their behalf. Doc. 1, pp. 2-3. Yet no service had been effected by the time Plaintiff's prior counsel moved to withdraw in June of 2011.

Further, Plaintiff's current counsel entered his appearance over a year ago. And even after the City filed its motion to dismiss the individual Defendants in August of 2012, Plaintiff still did not follow the Federal Rules of Civil Procedure and seek a summons from the Clerk of Court, but rather moved the Court for issuance of a summons. Doc. 43. Under Rule 4(b) Fed.R.Civ.P. if Plaintiff had provided the Clerk with a properly completed summons for signature and seal, the Clerk would have been required to issue a summons. The numerous delays and failure to follow the rules indicates this matter is not being taken seriously.

Moreover, Plaintiff does not even attempt to explain why Officer Minkoff has not been served in the year since current counsel entered his appearance. Plaintiff further argues in conclusory fashion that allowing Officer Minkoff to be served now would not cause hardship because the City would be liable for any

3

judgments entered against him. While that may be true if the City agrees Officer Minkoff was acting within the course and scope of his employment, that has not been established. *See* Mont. Code Ann. § 2-9-305(5). It is further argued that the City is fully informed about the case and if the City provided separate counsel for Officer Minkoff, counsel could be quickly brought up to speed. But not only has the discovery deadline already expired, the motions deadline has passed with dispositive motions filed by both sides, and the case has been referred to a magistrate judge for a settlement conference. Allowing Plaintiff to bring Officer Minkoff into the suit now would further delay this delayed lawsuit.

In sum, Plaintiff has failed to show good cause as to why he should be allowed to serve Defendant Minkoff over five years after the case was initially filed, over two years since the case was removed to this Court, and over one year since current counsel for Plaintiff entered his appearance.

Moreover, there is no basis for this Court to exercise its discretion to allow late service despite the lack of good cause. First, Officer Minkoff allegedly committed the tortious acts in 2005 and the statute of limitations has long expired on any actions against him. Second, Officer Minkoff is entitled to rely on the statute of limitations and he would be prejudiced if he were joined in an old lawsuit that has advanced as far as this one. Third, while it appears Officer

4

Minkoff may have actual knowledge of the lawsuit since Plaintiff represents he was noticed for a deposition before Minkoff moved out of state, this factor is outweighed by the others. Finally, and most importantly, despite the statement in the Notice of Removal that individual Defendants had not been served and the instant motion, Plaintiff has still not acquired a summons from the Clerk of Court and properly served Officer Minkoff.

Having concluded that the individual Defendants must be dismissed, the Court must also conclude that Counts I and III must also be dismissed. Plaintiff, in fact, concedes that these claims must be dismissed if the officers are dismissed as Defendants. Doc. 44, p. 4. Plaintiff, however, objects to the dismissal of Count VII[1], which alleges the City is liable for the tortious actions of its officers, noting that Defendants' briefs did not provide a basis in the law for the dismissal of Count VII. Accordingly, although the viability of Count VII is questionable in light of the dismissal of the Defendant police officers, the City has not shown it is entitled to dismissal at this time.

For those reasons, **IT IS ORDERED** that Plaintiff's Motion to Issue Summons (doc. 43) is **DENIED** and the City's motion to dismiss (doc. 38) is **GRANTED IN PART** as follows:

---

[1]The Complaint alleges five causes of action, I, II, III, IV, and VII.

(1) Officers Minkoff and Chapman, as well as Does 1 and 2, are **DISMISSED** from this action and the caption is amended accordingly; and

(2) Counts I and III of the Complaint are **DISMISSED**.

## II. The City's Motion To Exclude Deposition of Officer Misti Robertson (doc. 53)

On October 23, 2012, Plaintiff took the deposition of Billings Police Officer Misti Robertson. The City has moved to exclude the deposition pursuant to Rule 28(c) Fed.R.Civ.P. because Plaintiff's counsel administered the oath to the deponent. Although a party's attorney is disqualified from administering such oaths, Rule 32(d)(2) Fed.R.Civ.P. provides that objections to the qualification of the officer before whom a deposition is taken are waived if not made "promptly after the basis for disqualification becomes known or, with reasonable diligence could have been known." Here, the City knew of the basis for disqualification when Plaintiff's counsel administered the oath, yet it does not appear from the transcript that any such objection was made. Doc. 68, ex. 1. Nor does the City claim in its briefing that it promptly lodged an objection. It appears from the record before the Court that the objection was not lodged until the instant motion was filed more than one month after the deposition. In the Court's view, that is not a prompt objection.

Accordingly, **IT IS FURTHER ORDERED** that the City's Motion to Exclude the Deposition of Misti Robertson (doc. 53) is **DENIED**.

### III. The City's Motion to Require Payment of Deposition Costs (doc. 55)

On October 25, 2012, counsel for the parties convened at Plaintiff's request for the deposition of the City's liability expert, Mark Tymrak. Plaintiff's counsel brought audio recording equipment to record the deposition, presumably for later transcription, but did not arrange for a court report or other person to serve as the officer before whom the deposition was to be taken. *See* doc. 56-1. Moreover, as with the Roberton deposition discussed above, Plaintiff did not serve a notice of deposition stating how the deposition would be recorded, as required Rule 30 Fed.R.Civ.P. *Id.* Not wanting to delay the deposition, counsel for Defendant arranged for a court reporter to preside over and transcribe the deposition, at a cost of $226.25. The City now asks the Court to Order Plaintiff to pay those costs.

Rule 30(b)(3)(A) requires the party seeking the deposition to provide a deposition notice stating the method for recording the testimony. It also requires the noticing party to bear the costs of recording the deposition. Moreover, as discussed above, Rule 28(c) Fed.R.Civ.P. precludes any party's attorney from administering the oath to the deponent, although this requirement is waived pursuant to Rule 32 (d)(2) if no prompt objection is made.

Here, Plaintiff obviously did not comply with the deposition notice requirements of Rule 30(b)(3). Rather, consistent with the procedure employed two days prior at the Robertson deposition, it appears Plaintiff's counsel did not hire a court reporter because he planned to administer the oath himself and to make an audio recording of the deposition for later transcription. While counsel is not authorized to administer the oath, the Rules do not prohibit counsel from recording the deposition for later transcription. Further, counsel's administration of the oath does not render the deposition inadmissible without a prompt objection. Since there does not appear to have been a contemporaneous objection to this process during the Robertson deposition, Plaintiff's counsel must have reasonably believed there would be no objection to the process during the Tymrack deposition two days later. While Counsel is advised to follow the Rules in the future, the Court declines to order the payment of the deposition costs under these circumstances.

**IT IS FURTHER ORDERED** that the City's Motion to Require Payment of Deposition Costs (doc. 55) is **DENIED**.

Dated this 3rd day of January, 2013.

/s/ Richard F. Cebull_____
Richard F. Cebull
United States District Judge